IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville April 23, 2019

**JOHN WILLIE STONE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Bedford County**
**No. 18042-PC     Franklin Lee Russell, Judge**

_____

**No. M2018-01214-CCA-R3-PC**
_____

The Petitioner, John Willie Stone, appeals from the Bedford County Circuit Court's denial of his petition for post-conviction relief from his burglary of an automobile, misdemeanor theft, and aggravated assault convictions, for which he is serving a twenty-one-year sentence. The Petitioner contends that he received the ineffective assistance of trial and appellate counsel. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Garrett D. Haynes, Shelbyville, Tennessee, for the appellant, John Willie Stone.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Robert James Carter, District Attorney General; and Michael David Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Following a jury trial, the Petitioner was convicted of one count each of burglary of an automobile, theft of property valued at $500 or less, and the aggravated assault of Andrew Doak. *See State v. John Willie Stone*, No. M2016-01269-CCA-R3-PC, 2017 WL 2438580, *1 (Tenn. Crim. App. June 6, 2017), *perm. app. denied* (Tenn. Oct. 4, 2017). After the conclusion of the trial but before the sentencing hearing, the Petitioner filed a pro se motion seeking the appointment of new counsel. The trial court treated this motion as a petition for post-conviction relief based on the ineffective assistance of trial counsel. The court appointed new counsel and, following a hearing addressing both the

Petitioner's motion for new trial and the designated petition for post-conviction relief, the court denied all claims. On appeal from the conviction proceedings, this court determined that the trial court mistakenly treated the Petitioner's motion for the appointment of new counsel as a petition for post-conviction relief. This court vacated the portion of the trial court's order denying post-conviction relief, but this court addressed the claim of ineffective assistance of trial counsel, denied relief, and determined that the Petitioner had exhausted all claims related to the ineffective assistance of trial counsel. *Id.* *1, 10.

In its opinion, this court summarized the facts as follows:

The State's proof at trial showed that on the night of August 26, 2014, Caitlin Pope drove her truck to her parents' residence on East Franklin Street in Shelbyville. She arrived at approximately 9:30 p.m. and parked in front of the house. Ms. Pope left the vehicle unlocked with the windows down, and she placed her wallet in a cup holder between the two front seats of the vehicle while she went inside the house.

Andrew Joel Doak testified that his parents lived next door to Ms. Pope's parents and that on the night of August 26, he had driven to his parents' house to pick up some food. As he was walking to his vehicle which was parked on Franklin Street, he noticed "some legs hanging out a driver's side vehicle next door." Finding this suspicious, Mr. Doak approached the vehicle, and the man, who was "hanging out of the driver's side window" and who was later identified as the [Petitioner], jumped to the ground and began to walk away. Mr. Doak followed the [Petitioner] and noticed that he "st[uck] something under his shirt and down in his pockets." Due to the darkness and the fact that the [Petitioner] was wearing a hat, Mr. Doak was initially unable to discern much about his appearance.

After Mr. Doak had followed the [Petitioner] a short distance, the [Petitioner] suddenly turned and "threw his hands" up, asking Mr. Doak, "What's up?" Mr. Doak inquired what the [Petitioner] was doing, and the [Petitioner] responded that he wasn't "doing nothing." Mr. Doak then accused the [Petitioner] of breaking into the truck, which the [Petitioner] denied. The [Petitioner] then began to run. Mr. Doak gave chase, and the [Petitioner] reached under his shirt and told Mr. Doak, "Don't make me pull this on you." The [Petitioner] "darted away," and Mr. Doak attempted to round a tree and cut him off when the [Petitioner] tripped and fell to the ground. The [Petitioner] immediately jumped to his feet and lunged at Mr. Doak; Mr. Doak was "really scared," and his only thought was "don't let him get close enough if he does have" a weapon. To keep the [Petitioner] at bay, Mr. Doak kicked him in the head, but the [Petitioner] managed to

-2-

stay on his feet. Mr. Doak and the [Petitioner] continued to scuffle, during which Mr. Doak saw "something get throwed [sic] out from under [the Petitioner's] shirt." Eventually, Mr. Doak gained control of the [Petitioner] and held him on the ground while Mr. Doak called 9-1-1. While Mr. Doak was speaking with the 9-1-1 dispatcher, he felt something hit his arm. Mr. Doak noticed that his right forearm had been cut near his elbow, and he saw "the blade . . . coming at [his] arm again." Mr. Doak informed the dispatcher that the [Petitioner] had a knife, and he tossed his telephone aside so that he could concentrate on disarming the [Petitioner]. Mr. Doak was afraid of being stabbed. The [Petitioner] continued to struggle, and Mr. Doak ultimately took control of the knife and cast it away, all the while keeping the [Petitioner] pinned to the ground. Shelbyville Police Department ("SPD") officers arrived a short time later.

*John Willie Stone*, 2017 WL 2438580, at *1.

The Petitioner filed a pro se petition seeking post-conviction relief on April 16, 2018. The Petitioner was appointed counsel, and counsel filed an amended petition. At the June 14, 2018 post-conviction hearing, trial counsel testified that he had worked for a public defender's office for many years and that he represented the Petitioner at the trial but that he withdrew as the Petitioner's counsel before the sentencing hearing. He explained that appellate counsel was appointed to represent the Petitioner at the joint motion for new trial and sentencing hearing and on appeal.

Trial counsel testified that he attempted to negotiate a plea agreement and that the State made several offers, which were conveyed to the Petitioner. Counsel said that the Petitioner was actively involved in the negotiations. Counsel recalled that the Petitioner's defense was that Mr. Doak attacked the Petitioner as he walked down the street. Counsel stated he cross-examined trial witnesses by asking questions consistent with the theory that the Petitioner was assaulted but that he did not introduce any photographs of the victim's injuries. Counsel agreed that the Petitioner had requested that counsel submit photographs of the injuries as evidence but said that he did not because the Petitioner's injuries did not appear to be defensive wounds. Counsel explained that the Petitioner's thumb injury was consistent with a person "holding a knife in their hand with the blade up preparing to cut somebody or make a cutting motion[.]" Counsel said that he had seen such injuries previously. Counsel believed a photograph of the Petitioner's thumb would have damaged the Petitioner's defense.

Trial counsel testified that he did not request Tennessee Rule of Criminal Procedure 26.02 material from Lieutenant Mike Baker. Counsel said that he spoke with all three of the police officers involved with the Petitioner's case and that counsel reviewed the police report. Counsel said that he did not remember if he requested a

-3-

circumstantial evidence jury instruction but that the judge would always include a circumstantial evidence instruction, even if trial counsel did not request it.

Trial counsel testified that he did not file any pretrial motions. Counsel said that he did not consider seeking to suppress the knife because he believed there was no basis to file a motion to suppress. Counsel did not recall if he had DNA testing performed on the knife but said that the Petitioner and Mr. Doak had been cut by the knife. Counsel said that he did not object to the chain of custody of the knife because the chain of custody was proper. Counsel explained that the police officer responding to the scene properly preserved the knife and then placed it in an evidence locker. Counsel said that because the police officer followed the proper procedure for collecting evidence, no one else would have had access to the knife.

On cross-examination, trial counsel testified that a photograph of the Petitioner's injured hand would have been more damaging than helpful. Counsel said that testimony established the Petitioner's hand injury. Counsel said testimony about the hand injury allowed him to argue that the Petitioner was the victim and that Mr. Doak was the initial aggressor. Counsel stated that the Petitioner never claimed ownership of the knife and denied ever possessing it.

Trial counsel testified that the State's final plea offer was ten years' incarceration at forty-five percent and that he conveyed this offer to the Petitioner. Counsel said that he advised the Petitioner that the Petitioner risked receiving a longer sentence if convicted at a trial.

Appellate counsel testified that he represented the Petitioner at the joint motion for new trial and sentencing hearing, and on appeal. Counsel said that the Petitioner wanted to pursue claims of ineffective assistance of trial counsel. Counsel said that he expressed his concerns to the Petitioner regarding the wisdom of raising ineffective assistance of trial counsel at this stage in the appellate process. Counsel stated that he told the Petitioner, "Please do not go forth, let's do this properly, these are the pitfalls, this is why you shouldn't do it, if you want to preserve your rights, let's do this in the traditional way [be]cause there's a lot of wisdom behind choosing the correct path." Counsel said that despite his admonitions, the Petitioner insisted on pursuing the claims of ineffective assistance of trial counsel. Counsel denied that he suggested the ineffective assistance of trial counsel claim be included in the motion for new trial.

Appellate counsel did not recall presenting any proof at the sentencing hearing. He stated that he would not be surprised to learn that he did not put on any proof because he did not know of any helpful proof. Counsel agreed that he did not make any argument regarding mitigating evidence and said that he was not aware of any mitigating evidence. Counsel said he drafted the Petitioner's appellate brief. When asked if he made any citations to the record, counsel said that he simply listed the petitioner's claims because

-4-

there was nothing in the record to support the Petitioner's claims. Counsel explained that he also failed to cite to any legal authority in the brief because he did not know of any that would support the Petitioner's claims. Counsel said that this court waived consideration of the ineffective assistance of counsel claim because the brief lacked argument, citations to authorities, and appropriate references to the record.

On cross-examination, appellate counsel testified that the Petitioner raised concerns about trial counsel's alleged ineffective assistance. Counsel testified that after he reviewed the case, he advised the Petitioner to wait until after the appeal from the conviction proceedings to raise an ineffective assistance of trial counsel claim. Counsel said the brief did not include any citations for the ineffective assistance of trial counsel claim because he could not find anything in the record or in authority to support the claim.

The Petitioner testified that trial counsel was ineffective in multiple ways. The Petitioner said that counsel failed to conduct plea negotiations adequately. The Petitioner said that, during plea negotiations, counsel said he could negotiate an eight-year sentence but that the State did not agree to an eight-year sentence.

The Petitioner testified that he suffered several injuries during the incident with Mr. Doak. The Petitioner said that he received a finger cut and a "circle around [his] eye." He said that he asked trial counsel to present photographs of the injuries to the jury but that counsel did not. The Petitioner stated that trial counsel did not believe the Petitioner's version of the incident. He alleged that counsel would have better prepared for the Petitioner's trial if counsel had believed the Petitioner. The Petitioner said that counsel should have filed a motion to suppress the knife on the basis of an improper chain of custody. The Petitioner believed counsel should have had the knife tested for the presence of DNA.

The Petitioner testified that he never discussed trial strategy with trial counsel and that they did not have a "meaningful working relationship." The Petitioner said that counsel visited the Petitioner only once at the jail and that counsel never filed any pretrial motions. The Petitioner stated that counsel did not adequately cross-examine witnesses and investigate who handled the knife.

The Petitioner testified that he received the ineffective assistance of appellate counsel. The Petitioner said that the Petitioner did not raise any post-conviction issues intentionally but that he had attempted to remove trial counsel. The Petitioner said appellate counsel advised the Petitioner to raise all of his issues at the motion for new trial. The Petitioner said that he was unfamiliar with the law and that he did not realize he had raised a post-conviction issue. The Petitioner denied that counsel pressured the Petitioner to raise the ineffective assistance of trial counsel claim in the motion for new

trial but stated that appellate counsel knew as an experienced attorney that the claim should have been deferred.

On cross-examination, the Petitioner agreed that an attorney could not promise to obtain a specific plea offer from the State. The Petitioner understood that the State's offer was for eight years but said that when co-counsel conveyed the offer to the Petitioner, the offer was for ten years. The Petitioner said he and co-counsel were not in agreement regarding plea negotiations, and he believed co-counsel was not working in the Petitioner's best interests. The Petitioner stated that trial counsel was not present when this ten-year offer was conveyed and that the Petitioner rejected it. The Petitioner believed that at the next court date he would have been able to discuss the offer with trial counsel and to determine what had happened to the eight-year offer trial counsel assured him the State would accept.

The Petitioner testified that if trial counsel had presented better evidence, the jury would have believed that Mr. Doak was the original aggressor and that the Petitioner was the victim. The Petitioner conceded that the jury heard testimony from Mr. Doak and from the Petitioner and credited Mr. Doak's testimony.

The Petitioner testified that if trial counsel had adequately represented him, the results of his trial would have been different. The Petitioner stated that if appellate counsel had not committed errors, the results of his appeal would have been different.

At the conclusion of the hearing, the post-conviction court denied relief. In a written order, the court found that the Petitioner had waived consideration of his ineffective assistance claim against trial counsel by raising the issue in the appeal of the conviction proceedings. The court concluded that evidence regarding trial counsel's ineffectiveness was "rendered irrelevant" by this court's ruling on appeal and held that the ineffective assistance of counsel evidence at the post-conviction hearing was "stricken."

The post-conviction court considered the merits of the Petitioner's claim that appellate counsel was ineffective. Regarding appellate counsel's appellate brief, the court determined that no testimony or case law supported the Petitioner's claim that trial counsel provided ineffective assistance. The court determined that trial and appellate counsel "each did the best he could with the facts and law with which he was presented." This appeal followed.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2012). A post-conviction court's findings of fact are

binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . , are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The Petitioner contends that trial and appellate counsel provided the ineffective assistance of counsel. The Petitioner asserts that trial counsel failed to introduce photographs of the Petitioner's injuries and did not use a strategy in furtherance of the Petitioner's defense strategy. The Petitioner argues that trial counsel was ineffective (1) for failing to file a motion to suppress the knife and (2) for not cross-examining effectively the police officers responding to the incident about the chain of custody of the knife. The Petitioner claims that trial counsel did not properly prepare the Petitioner to testify at the trial, failed "to request statements from every witness under Tenn. R. Crim. P. 26.2[,]" and failed to renew the motion for a judgment of acquittal following the

conclusion of the Petitioner's proof at trial. The Petitioner asserts that he was prejudiced by these deficiencies and that the cumulative effect of trial counsel's deficiencies deprived the Petitioner of the effective assistance of counsel. The State responds that the issue has been previously determined and that the post-conviction court properly denied relief.

The Petitioner claims that he also received ineffective assistance of appellate counsel because appellate counsel failed to follow the rules of Tennessee Appellate Procedure. Specifically, he argues that appellate counsel failed to raise properly the issue of ineffective assistance of trial counsel on appeal. In the appeal from the conviction proceedings, this court waived plenary review of the ineffective assistance of trial counsel issue because the Petitioner's brief "merely listed his multiple claims of ineffective assistance of counsel in a 15-line, single sentence that was devoid of argument, citation to authorities, or appropriate references to the record." *John Willie Stone*, 2017 WL 2438580, at *11.

## I. Trial Counsel

In his post-conviction petition, the Petitioner alleged trial counsel provided ineffective assistance, and the record reflects that it has been previously determined in the appeal of his convictions. Tennessee Code Annotated section 40-3-106(h) states,

> A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

The Petitioner raised this issue at his motion for new trial and sentencing hearing, and the trial court denied relief. In its opinion affirming the Petitioner's convictions, this court concluded that the Petitioner's motion requesting new counsel was not a petition for post-conviction relief and that the Petitioner still had the opportunity to seek post-conviction relief in accord with the Post-Conviction Procedure Act. *Id.* at *10. However, this court concluded that the Petitioner had "exhausted any and all claims relative to the ineffectiveness of counsel," after concluding that the Petitioner did not receive the ineffective assistance of trial counsel. *Id.* This court reasoned, "The [trial] court explicitly accredited the testimony of trial counsel and explicitly discredited that of the" Petitioner and held "that the [Petitioner] ha[d] failed to prove by clear and convincing evidence any facts that demonstrate that trial counsel's representation was deficient or prejudicial." *Id.* at *11. As a result, the Petitioner is not entitled to relief on this basis.

## II. Appellate Counsel

Despite the Petitioner's having previously exhausted his claim that trial counsel provided ineffective assistance, the Petitioner's claim that his appellate counsel was ineffective was properly raised in his post-conviction petition. *See Joseph Newton v. State*, No. M2016-02240-CCA-R3-PC, 2017 WL 5901032, at *7 (Tenn. Crim. App. Nov. 29, 2017) (holding that the petitioner had not waived review of claims of ineffective assistance of appellate counsel when claims of ineffective assistance of trial counsel had been determined on direct review from the conviction proceeding), *perm. app. denied* (Tenn. Mar. 14, 2018); *Ronald Yates v. State*, No. W2008-02067-CCA-R3-PC, 2009 WL 4505436, at *1 (Tenn. Crim. App. Dec. 3, 2009) (holding that the petitioner had not waived his post-conviction claim of the ineffective assistance of appellate counsel when the petitioner had previously litigated the ineffective assistance of trial counsel in the direct appeal from the conviction proceeding); *John Earl Scales v. State*, No. M2003-01753-CCA-R3-PC, 2004 WL 1562542, at *1 (Tenn. Crim. App. July 13, 2004) (holding that raising the ineffective assistance of trial counsel on direct appeal from the conviction proceeding does not preclude a petitioner from asserting subsequently the ineffective assistance of appellate counsel as a ground for post-conviction relief). The legal standard that applies to ineffective assistance of appellate counsel claims is the same standard that applies to claims regarding the performance of trial counsel. *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004).

The Petitioner asserts that appellate counsel failed to comply with Tennessee Court of Criminal Appeals Rule 10(b), which states, "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." He also claims that counsel failed to comply with Tennessee Rule of Appellate Procedure 27(a)(7), which states that an appellate brief shall contain an argument "setting forth . . . the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate review, with citations to the authorities and appropriate references to the record . . . relied on[.]"

Regarding the sufficiency of appellate counsel's advocacy for the Petitioner, the post-conviction court found that counsel "did the best he could with the facts and law with which he was presented." Although appellate counsel may not have complied with the letter of the Rules, this court determined in the previous appeal that the Petitioner's ineffective assistance allegations did not warrant relief. The record supports the post-conviction court's determination that appellate counsel did not provide the ineffective assistance of counsel. The Petitioner is not entitled to relief on this basis.

Based upon the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE